# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.              Case No. 07-CR-323

**JAMES WINGERS**
   **Defendant.**

## DECISION AND ORDER

Defendant James Wingers, indicted on drug conspiracy charges, filed various pre-trial motions. Consistent with the practice in this district, the motions were referred to a magistrate judge, who issued orders on them. See General L.R. 72.2(b)(14) (E.D. Wis.). Before me are defendant's objections to several of those orders.

## I. MAGISTRATE JUDGE ORDERS

Defendant first objects that the motions were decided by a magistrate judge rather than an Article III judge. However, 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a) plainly allow a magistrate judge to decide non-dispositive motions such as those at issue here. The district judge must consider any timely objections to such orders but will set them aside only if they are "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

## II. DISCOVERY MOTIONS

The magistrate judge denied defendant's discovery-related motions for failure to comply with Criminal L.R. 16.1(a) (E.D. Wis.), which provides that the court shall not hear any motion for discovery unless the moving party provides a statement concerning the efforts made to resolve the dispute with opposing counsel. Despite being notified of the requirements of the

Local Rule by the magistrate judge, in his objections defendant still does not include the required statement. Under these circumstances, I can find no clear error in the magistrate judge's order. See Sattar v. Motorola, Inc., 138 F.3d 1164, 1171-72 (7th Cir. 1998) (upholding denial of motion to compel based on non-compliance with local rule).

Defendant states that his motion falls under Brady v. Maryland, 373 U.S. 83 (1963). However, the government is following its open file policy in this case, which requires it to disclose all exculpatory materials. Criminal L.R. 16.1(b) (E.D. Wis.). Defendant provides no basis for believing that the government is not complying with its obligations. To the extent that it is not, defendant is on record as demanding such materials.

### III. ATTORNEY VOIR DIRE

The magistrate judge referred to me defendant's request for attorney voir dire. It has generally been my practice to have the court conduct voir dire. See Fed. R. Crim. P. 24(a) (stating that the court may examine prospective jurors or permit the attorneys to do so). In past cases where I have permitted counsel to conduct some of the questioning, I have not found it helpful.

In his motion, defendant contends that counsel will have greater familiarity with the case and thus be better able to ferret out possible biases; that given the potential for prejudice inherent in the charges, a searching voir dire is appropriate; and that the court may not be able to obtain honest responses from jurors who want to give the judge the "right" answer. Nothing in this submission persuades me to depart from past practice. Defendants are charged with one count of conspiring to distribute marijuana; I see nothing unusual about this case as compared to other federal drug prosecutions. I always advise prospective jurors of the importance of honesty and full disclosure, and offer them the opportunity to discuss in

2

chambers any issues that may cause embarrassment if aired in front of the entire panel. The court must be able to presume that prospective jurors will honor their oaths to tell the truth. Therefore, absent a further presentation as to why I should permit the lawyers to question prospective jurors in this case, I will deny this request. Counsel may submit questions they wish me to ask prospective jurors, and I will afford the lawyers a chance to request that I ask further questions during jury selection. Fed. R. Crim. P. 24(a)(2). I will set a deadline for submission of proposed voir dire at the final pre-trial.

## IV. EARLY RETURN OF SUBPOENAS

The magistrate judge denied without prejudice defendant's request for early return of trial subpoenas based on the lack of detail as to why such was necessary. In his objections, defendant states that the government has been able to use the grand jury to gather evidence, and that he needs advance trial subpoenas to investigate the background of witnesses who may be called to testify against him. He claims that absent early return he is unable to obtain the criminal records of these witnesses, the underlying police reports, or documents that would allow him to establish that he was elsewhere when the government's informant accuses him of being in Milwaukee. He claims that the magistrate judge's denial deprives him of his right to compulsory process.

Rule 17(c)(1) of the Federal Rules of Criminal Procedure allows for early return of subpoenas, but only in limited circumstances. The scope of the Rule is more narrow than the corresponding Rules of Civil Procedure, and it is not intended to serve as a discovery device for criminal cases. United States v. Shanahan, No. S1-4:07 CR 175, 2008 WL 619213, at *1 (E.D. Mo. Mar. 3, 2008) (citing United States v. Nixon, 418 U.S. 683, 698 (1974); United States v. Reyes, 239 F.R.D. 591, 597 (N.D. Cal. 2006)). In order to obtain early return, the moving

3

party must show that the subpoenaed documents are: (1) relevant; (2) admissible; and (3) requested with adequate specificity. Id. (citing Nixon, 418 U.S. at 700; United States v. Hardy, 224 F.3d 752, 755 (8th Cir. 2000)). "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." United States v. Noriega, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991). Even if the moving party has shown that a subpoena seeks relevant, admissible, and specific evidence, a court must still consider other factors, including whether: (1) the materials could be obtained otherwise, before trial, by the exercise of due diligence; (2) the party cannot adequately prepare for trial without advance production of the documents, and the failure to obtain the documents may tend to unreasonably delay the trial; and (3) the request for the materials is made in good faith and not as a general "fishing expedition." Shanahan, 2008 WL 619213, at *1 (citing Nixon, 418 U.S. at 699-700). Generally, the need for evidence to impeach witnesses is insufficient to require production in advance of trial under Rule 17(c). Hardy, 224 F.3d at 756.

Under these standards, the magistrate judge committed no clear error in denying defendant's motion. Defendant does not, in his motion or his objections, specify the witnesses he wishes to subpoena or the documents he seeks to obtain. Further, some of the information defendant claims to need to subpoena will likely be produced by the government in discovery, and some can be obtained by simple investigation. If defendant can provide specifics as to what he wants and why, I will be willing to reconsider, but at this point I cannot overturn the magistrate judge's order.[1]

---

[1] It appears that early return of trial subpoenas is relatively common in the Northern District of Illinois. However, it is not routinely done in this district.

4

## V. RULE 608(b) EVIDENCE

The magistrate judge granted defendant's request for notice of intent to use Fed. R. Evid. 404(b) evidence but denied his request for Fed. R. Evid. 608(b) evidence. As the magistrate judge noted and as defendant concedes in his objections, Rule 608(b), unlike Rule 404(b), does not contain a provision for pre-trial disclosure. Defendant cites no authority for the proposition that I should nevertheless order the government to produce Rule 608(b) evidence not otherwise covered by the discovery rules or Brady and its progeny. Therefore, the magistrate judge did not commit clear error in denying this request.

## VI. CONFERRING WITH PROSECUTION WITNESSES

Finally, the magistrate judge denied without prejudice defendant's motion to prohibit government witnesses from conferring with the prosecutor during trial. As the Supreme Court explained in Perry v. Leeke, 488 U.S. 272, 282 (1989):

> [I]t is entirely appropriate for a trial judge to decide, after listening to the direct examination of any witness, whether the defendant or a non-defendant, that cross-examination is more likely to elicit truthful responses if it goes forward without allowing the witness an opportunity to consult with third parties, including his or her lawyer.

The magistrate judge sensibly noted that he could not make a definitive determination without having heard the trial testimony. Thus, he did not clearly err in denying this motion without prejudice. Defendant may renew the motion at trial, should it appear that a recess in the proceedings would permit the consultation to which he objects.

## VII. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion for attorney voir dire (R. 23) is **DENIED**, and his objections (R. 44) to the magistrate judge's orders are overruled, as stated

5

herein.

Dated at Milwaukee, Wisconsin, this 10th day of April, 2008.

/s Lynn Adelman

_____

LYNN ADELMAN
District Judge